**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **MARY & LARRY PATTERSON, ET AL.** | **CIVIL ACTION** |
| | **NO.  05-2177** |
| **VERSUS** | **c/w   05-2189** |
| | **05-2191** |
| **DEAN MORRIS, ET AL.** | |
| **and** | |
| **ROBERT BAUER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.05-2178** |
| **DEAN MORRIS, ET AL.** | **SECTION "K" (4)** |


<u>**ORDER**</u>

Before the Court is defendants' Motion to Stay Remand Order Pending Appeal, filed in

consolidated civil action number 05-2177 (Rec. Doc. No. 220), as well as civil action number

05-2178 (Rec. Doc. No. 159).  For the following reasons, the Motion is hereby **GRANTED**.

**Background**

This case was removed to federal court on a variety of grounds, including the Class

Action Fairness Act of 2005 ("CAFA"), on July 29, 2005.  Plaintiffs filed a motion to remand,

1

which this Court granted on January 25, 2006.  Defendants filed two separate petitions for

Appeal from this remand Order in the Fifth Circuit on February 3, 2006.  These appeals are

currently pending.  Under 28 U.S.C. § 1453(C)(2), the Fifth Circuit must act on these appeals

within 60 days; otherwise this Court's remand Order remains intact.  Defendants have since

moved this Court to Stay its remand Order pending the outcome of their appeals.

**Legal Standard**

This Court's Order of remand is subject to appellate review only under CAFA grounds.

When a decision to remand is subject to appellate review, the district court retains jurisdiction to

modify its order, including consideration of any motion to stay.  *See In re Digicon Marine*, *Inc.*,

996 F.2d 158, 160-61 (5th Cir. 1992), *citing In re Shell Oil II*, 932 F.2d 1523, 1528 (5th Cir.

1991).  The criteria to determine whether to issue a stay pending appeal depend on whether the

movant has shown: 1) a substantial likelihood of success on the merits; 2) irreparable injury

absent a stay; 3) that the stay would not substantially harm the other party; and 4) that the stay

serves the public interest.  *See Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271 (5th

Cir. 1994); *see also In Re First South Savings Ass'n.*, 820 F.2d 700, 704 (5th Cir. 1987),

*McDermott Int'l, Inc. v. Underwriters at Lloyd's London*, 1991 WL 121216, *1 (E.D. La. Jun.

21, 1991).  The burden of demonstrating the likelihood that an appeal will be successful is

"particularly acute in the context of a motion to stay an order of remand in light of prevailing

congressional intent.  *Collin County v. Siemens Bus. Servs., Inc.*, 2006 WL 398481, *1 (E.D.

Tex. Feb. 16, 2006("[O]nce [a] federal district court considers the proper factors and decides to

remand, the action should go forward in state court without regard to whether the federal district

court was correct or incorrect")(citations omitted)).  However, while in the usual case,

"[l]ikelihood of success remains a prerequisite . . . []    and [o]nly 'if . . . []consideration of the

other three factors [] is . . . *heavily tilted* in the movant's favor will we issue a stay in its

absence," *McDermott*, 1991 WL 121216 at \*1 (*citing First South Savings Ass'n.*, 820 F.2d at 709

n. 10), the Fifth Circuit has recognized that a slightly less rigorous standard may be applicable in

unusual cases.  See *Ruiz v. Estelle*, 666 F.2d 854, 857 (5th Cir. 1982).  Consequently, when a

serious legal question is involved, a movant need only present a substantial case on the merits

and show that the balance of the equities weighs heavily in favor of granting the stay.  See

Arnold v. Garlock, Inc. 278 F.3d 426, 439 (5th Cir. 2001)(*quoting Ruiz v. Estelle*, 650 F.2d 555,

565 (5th Cir. 1981)).

**Analysis**

Although the Court does not necessarily agree that defendants have adequately

demonstrated a *substantial* likelihood of success on the merits of their appeal, they do present a

"substantial case on the merits" involving "a serious legal question," *id*., namely the application

of a relatively new piece of legislation, the Class Action Fairness Act.  Consequently, due to the

novelty of the legal issues involved in the instant appeal, namely the effective filing date

provisions of Louisiana law and their applicability vis-a-vis CAFA, the Court finds that a stay is

warranted.  Bolstering the Court's opinion is the relative newness of the CAFA legislation and

the resultant dearth of interpretative decisions to date regarding same  Additionally, per the terms

of CAFA statute, the appeals process is of a truncated nature; thus the Court is confident speedy

resolution of the issues brought by defendants' appeals will ensue.

Accordingly,

**IT IS ORDERED THAT** defendants' Motion to Stay Remand Order Pending Appeal is hereby **GRANTED.**

**IT IS FURTHER ORDERED THAT** the Orders of Remand issued in Civil Action No. 05-2177, consolidated with Civil Action Nos. 05-2189 and 05-2191, as well as Civil Action No. 05-2178 are hereby **STAYED** pending the Fifth Circuit's resolution of defendants' appeal.

New Orleans, Louisiana, this __30th__ day of <u>March</u>, 2006.

 

 

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**